THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYRELL YOUNG, individually and as special administrator of the Estate of DWAYNE GEARLDS, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 15 CV 11056 |
| v. | ) ) | Judge Rebecca Pallmeyer |
| DUPAGE COUNTY SHERIFF'S OFFICE, and THE COUNTY OF DUPAGE, ILLINOIS | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SANCTIONS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

Defendant, DuPage County Sheriff's Office, through undersigned counsel, respectfully moves for the award of sanctions against Plaintiff Tyrell Young and his counsel of record pursuant to Rule 11 of the Federal Rules of Civil Procedure. In support of this motion, Defendant states as follows:

1. Rule 11 of the Federal Rules of Civil Procedure provides that, by presenting a pleading, written motion, or other paper to the court, an attorney is certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is not being presented for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," that the legal contentions of the pleading "are warranted by existing law or by a non-frivolous argument for the extension,

1

modification, or reversal of existing law or the establishment of new law," and that the factual contentions "have evidentiary support." Fed. R. Civ. P. 11(b)(1), (2) and (3) (2006).

2. In filing his complaint against the DuPage County Sheriff's Office, Plaintiff did not engage in conduct that was reasonable under the circumstances as required by Rule 11. It is clear that Plaintiff has made numerous material allegations of fact in his complaint filed December 9, 2015, that lack the evidentiary support required under Rule 11.(See TAB 1, Plaintiff's Complaint)

3. Further, it is clear that Plaintiff has filed the complaint in this case for an improper purpose rather than for legitimate reasons in violation of Rule 11.

4. Rule 11(c)(2) provides that a motion for sanctions must be served on the opposing party and cannot be filed with a court until 21-days have passed from the date of service. *Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 649 F.3d 539, 552 (7th Cir. 2011). The letter must describe the specific conduct that is alleged to violate Rule 11(b) (Id.)

5. Defendant has complied with the administrative requirements of Rule 11. (See TAB 2, Defendant's Rule 11 letter)

6. If a court finds a Rule 11 violation, it may impose reasonable attorney's fees and other expenses as a direct result of the violation. Fed R. Civ. P. 11(c)(2)

7. At the time that the complaint in this case was filed on December 9, 2015, Plaintiff and his counsel had made no attempt to investigate whether many of the allegations contained in the complaint had evidentiary support.

8. Specifically, the complaint alleges that "at or around December 17,

2014 Dwayne Gearlds was tased by Defendant Unknown DuPage County Sheriff's Officer." (See TAB 1, ¶34, Plaintiff's Complaint) Plaintiff further alleges that "upon information and belief, Mr. Gearlds was tased in his chest, at the location of the heart, posing a risk of permanent or significant injury. (See Exhibit 1, ¶38, Plaintiff's Complaint) In addition, Plaintiff's complaint specifically attributes certain actions to two unknown DuPage Sheriff's Deputies including using a Taser against Mr. Gearlds and not preventing the use of a Taser against Mr. Gearlds. (See TAB 1, ¶35, 39, 44, 45, 46 Plaintiff's Complaint)

9. At the time that this complaint was filed, neither Plaintiff nor his counsel had requested any documents from the Sheriff of DuPage County or the Coroner of DuPage County through a Freedom of Information Act ("FOIA") request or through any other means.

10. Subsequent to the filing of the complaint in this case, Defendant has provided Plaintiff, through his counsel, what is attached to this motion as Exhibit 3. Among these documents are DuPage Correctional reports from three deputy sheriffs indicating that on December 17, 2014 Mr. Geralds was found unresponsive in his cell and was transported to CDH Hospital via ambulance and that CPR was performed. (See TAB 3, Sheriff's Documents)

11. Nothing in any of these documents, which include the autopsy report and hospital medical records, indicates use of a Taser device by any DuPage Sheriff's Deputy relative to Mr. Gearlds.

12. Undersigned counsel contacted Plaintiff counsel's office on December 9, 2015, and spoke to Mr. Sean Mussey, one of Plaintiff's attorneys. Mr. Mussey informed Defendant's counsel that the allegations contained in the complaint were based solely on the observation of photos of Mr. Gearld's chest and their belief that the red marks on the chest were caused by the use of a Taser.

13. This type of speculation is clearly insufficient evidentiary support for the allegations that have been made in the complaint in this case under Rule 11.

14. Further, the complaint contains numerous allegations regarding a pattern and practice of excessive force by the Sheriff's Office relating to the use of Tasers. (See TAB 1, Count V, Plaintiff's Complaint)

15. There is no indication that prior to the filing of this complaint Plaintiff or his counsel had ever requested any documents relating to the use of Tasers from the Sheriff's Office even though these documents would be easily obtainable through a FOIA request. These allegations are also lacking any evidentiary support as there have been three occasions in the DuPage County Jail in which Tasers have been used during the time period of 2011 through 2014.

16. In addition to the lack of evidentiary support to the claims made in the complaint Plaintiff counsel's firm has publicized this matter in Plaintiff counsel's website. The narrative regarding this matter states that "Although the case occurred in DuPage County and unfortunately resulted in a death the facts are eerily similar to the story below". A link to a Chicago case is subsequently provided. The

narrative continues, "If you or anyone you know has been injured by a law enforcement officer and believe your constitutional rights have been violated and would like the skilled representation of the Law Offices of Michael J. Gravlin, LLC, please contact us at….(See TAB 4)

17. The baseless allegations contained in this complaint along with the use of the filing of this case to attract business, strongly indicates that this case was filed for an improper purpose as defined by Rule 11.

18. Sanctions are appropriate in this case as Plaintiff's complaint included numerous factual contentions that were baseless at the time they were made. *See Corley v. Rosewood Care Ctr.*, 388 F.3d 990, 1014 (7th Cir. 2004). Further, sanctions are appropriate since this lawsuit was presented for an improper purpose.

WHEREFORE, Defendant respectfully asks this Honorable Court: (i) to find that plaintiff's original complaint is not well grounded in fact, (ii) that this complaint was filed for an improper purpose (iii) that plaintiff and his counsel violated Federal Rule of Civil Procedure 11 when plaintiff filed his complaint, and (iii) to award Defendant its costs and attorney's fees incurred as a result of Plaintiff's Rule 11 violation and (iv) to award such other and further relief that this Court deems just and appropriate.

Respectfully submitted,

S/Gregory Vaci
#6204697
Assistant State's Attorney
503 County Farm Road
Wheaton, IL 60187
(630) 407-8221